IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRELYN CESAR SANTELLA SIRUNO; ) and AGNES SONIDO SIRUNO, ) )         Plaintiffs, ) )     vs. ) ) DEUTSCHE BANK NATIONAL TRUST ) COMPANY; WELLS FARGO BANK, ) N.A.; ASC (AMERICA'S ) SERVICING COMPANY); ) SPECIALIZED LOAN SERVICING, ) and LLC, ) )         Defendants. ) _____ ) | CIVIL NO. 17-00447 SOM/KJM ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS AND SUBSTANTIVE JOINDER THEREIN |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR JUDGMENT ON THE PLEADINGS
AND SUBSTANTIVE JOINDER THEREIN**

I.        **INTRODUCTION.**

This case involves a state-court foreclosure of property arising out of a default by Plaintiffs Frelyn Cesar Santella Siruno and Agnes Sonido Siruno on their home mortgage loan obligations.  Rather than appeal to the state appellate courts the state-court judgment as to the default and as to the lenders' right to foreclose on the mortgage securing the loan, to sell the mortgaged property at public auction, and to use the proceeds to pay the debt, the Sirunos filed this action.  Their Verified Complaint asserts claims of wrongful foreclosure sale (Count I); fraud (Counts II and IV); unfair or deceptive acts or practices (Count III); breach of duty to act in good faith (Count V); unjust enrichment (Count VI); mistake (Count VII); violation

of Hawaii Bureau of Conveyance regulations (Count VIII); improper securitization (Count IX); wrongful conversion of note (Count X); breach of contract (Count XI); and quiet title (Count XII). *See* Verified Complaint, ECF No. 1.

The Sirunos' lenders, Defendants in this case, have moved for judgment on the pleadings. The Sirunos did not file any opposition to the motion. Pursuant to Local Rule 7.2(d), the court decides this motion without a hearing, granting it in large part and denying it only with respect to the unjust enrichment claim asserted in Count VI.

## II.     BACKGROUND.

In February 2006, the Sirunos purchased real property located in Ewa Beach, Oahu, Hawaii (the "Property"). To purchase the Property, the Sirunos obtained a $384,000 loan from New Century Mortgage Corporation. The loan was secured by a mortgage recorded in the State of Hawaii Office of Assistant Register ("Land Court") on February 16, 2016, as Document No. 3392888 and was noted on Certificate of Title 612,121. *See* ECF No. 1-17 (copy of recorded mortgage).[1]

---

[1]The court may take judicial notice of matters of public record, including documents filed with courts, "both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The court may also take judicial notice of records of government agencies. *See Dent v. Holder*, 627 F.3d 365, 371-72 (9th Cir. 2010) (taking judicial notice of agency records). The court therefore takes judicial notice of

It appears that Defendant Wells Fargo Bank, N.A., was New Century Mortgage's attorney-in-fact. *See* ECF No. 1-18, PageID # 345 (showing Wells Fargo signing as New Century Mortgage's attorney-in-fact). In May 2009, Wells Fargo Bank, though its alleged subsidiary Wells Fargo Home Mortgage dba Defendant America's Servicing Company, gave the Sirunos a $200 loan modification, which the Sirunos allege was not sufficient. ECF No. 1, PageID #s 13, 20.

On November 8, 2013, New Century Mortgage Corporation (by Wells Fargo Bank, N.A., its attorney-in-fact) assigned the mortgage to Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE4. This assignment was not recorded in the Land Court until almost a year later, on October 9, 2014, when it was filed as Document No. T-9047242 and noted on Certificate of Title 612,121. *See* ECF No. 1-18.

On November 7, 2014, Deutsche Bank filed a state-court action to foreclose on the Sirunos' mortgage. *See* Civil. No. 14-1-2325-11(BIA); state-court docket sheet, available at hoohiki.courts.hawaii.gov (enter case ID 1CC141002325). Deutsche Bank then filed a motion for summary judgment, seeking foreclosure of the mortgage and an interlocutory decree of

---

the mortgage, as well as other documents noted in this order, because they are filed with a government agency and are not subject to reasonable dispute.

foreclosure. On June 14, 2016, that motion was granted. *See* ECF No. 26-7 (Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure).

In its order, the state court found that the Sirunos had obtained a loan from New Century Mortgage and had signed a note and a mortgage securing the note. The state court further found that the mortgage was assigned to Deutsche Bank and that Deutsche Bank was the holder of the Sirunos' note. *See* ECF No. 26-7, PageID # 591-92. The state court found that the Sirunos had defaulted under the terms of the note and mortgage, that Deutsche Bank had declared the entire balance due, and that the Sirunos owed Deutsche Bank $453,212.53, plus interest of $44.48 per day from December 19, 2014. *Id.*, PageID # 593. The state court further found that Deutsche Bank was entitled to foreclose on the mortgage, that Deutsche Bank was entitled to purchase the Property at the foreclosure sale, and that there was no just reason to delay the entering of final judgment in favor of Deutsche Bank pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure. *Id.*, PageID # 593-94. The state court appointed Calvin T. Nakagawa as the court commissioner tasked with selling the Property. *Id.*, PageID # 596. Judgment in favor of Deutsche Bank was filed in the state court on June 14, 2016. *See* ECF No. 26-8, PageID # 600. The Sirunos did not timely appeal this

judgment. There is no dispute that this state-court judgment became final before the Sirunos filed the Verified Complaint in this case more than a year later, on September 7, 2017.

Several months after the Sirunos filed the Complaint in this matter, on December 19, 2017, the state court approved the commissioner's report and motion for confirmation of sale. A second judgment in the state-court case was entered the same day. *See* state court docket sheet, available at hoohiki.courts.hawaii.gov (enter case ID 1CC141002325). On January 12, 2018, the Sirunos filed a notice of appeal (ICA CAAP-18-0000030). *Id.* That appeal is pending. According to the Notice of Appeal, the Sirunos are appealing: 1) the state court's December 2017 denial of their September 21, 2017, motion to vacate or set aside all prior and new orders, decrees, and judgments; 2) the state court's order approving the commissioner's report, confirming the sale of the property, and distributing the proceeds of the sale; and 3) the judgment with respect to the state court's order approving the commissioner's report, confirming the sale of the property, and distributing the proceeds of the sale.

The Verified Complaint names as Defendants Deutsche Bank, Wells Fargo Bank, America's Servicing Company, and Specialized Loan Servicing, LLC. The Verified Complaint does not allege any facts establishing why Specialized Loan Servicing was

named.  The court presumes for purposes of this motion that Specialized Loan Servicing was Deutsche Bank's loan servicer with respect to the Sirunos' loan.

**III.      MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD.**

Rule 12(c) states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion.  *United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *accord Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) ("Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.").

For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false.  *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  A court evaluating a Rule 12(c) motion must construe factual allegations in a complaint in the light most favorable to the nonmoving party.  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Under Rule 12(c), "'Judgment on

the pleadings is properly granted when, accepting all factual allegations as true, there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" *Chavez v. United States,* 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Fleming*, 581 F.3d at 925).

**IV.     ANALYSIS.**

> **A.     The *Rooker-Feldman* Doctrine Bars Claims Seeking to Challenge the Validity of the January 14, 2016, State-Court Order and Judgment With Respect to the Sirunos' Default and Deutsche Bank's Entitlement to Foreclose on the Sirunos' Mortgage.**

The motion for judgment on the pleadings and the substantive joinder therein argue that the *Rooker-Feldman* doctrine bars any of the Sirunos' claims asking this court to review the state-court foreclosure order and judgment. This court agrees.

Any attempt to appeal the June 2016 state-court foreclosure order and judgment to this court violates the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine prohibits a state-court loser from complaining in federal court about injuries allegedly caused by a state-court judgment rendered before the federal district court proceeding commenced, and from inviting federal district court review and rejection of the judgment. *See Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to conduct a direct review of state-court judgments even when a federal question is presented. *See Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) ("The *Rooker-Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts"); *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) ("the Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding"); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court."). *Accord Mackay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of *original* jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts." (footnote omitted)).

Subject matter jurisdiction is lacking even if a state court's decision is challenged as unconstitutional. *See Feldman*, 460 U.S. at 486; *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a

8

state court in judicial proceedings.  This is true even when the
challenge to a state court decision involves federal
constitutional issues." (citations omitted)).  Litigants who
believe that a state judicial proceeding has violated their
rights must appeal that decision through their state courts and
then seek review in the Supreme Court.  *See Feldman*, 460 U.S.
482-483; *Bennett* v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998)
(noting that the rationale behind the *Rooker-Feldman* doctrine "is
that the only federal court with the power to hear appeals from
state courts is the United States Supreme Court").

    The *Rooker-Feldman* doctrine bars this court from
reviewing not only direct appeals, but also "de facto" appeals
complaining of a legal wrong committed by the state court and
seeking relief from a state-court judgment.  *See Cooper*, 704 F.3d
at 778.  The Ninth Circuit has explained:

> To determine whether the *Rooker–Feldman* bar
> is applicable, a district court first must
> determine whether the action contains a
> forbidden de facto appeal of a state court
> decision.  *Noel v. Hall*, 341 F.3d 1148, 1158
> (9th Cir. 2003).  A de facto appeal exists
> when "a federal plaintiff asserts as a legal
> wrong an allegedly erroneous decision by a
> state court, and seeks relief from a state
> court judgment based on that decision."  *Id.*
> at 1164.  In contrast, if "a federal
> plaintiff asserts as a legal wrong an
> allegedly illegal act or omission by an
> adverse party, *Rooker–Feldman* does not bar
> jurisdiction."  *Id.*  Thus, even if a
> plaintiff seeks relief from a state court
> judgment, such a suit is a forbidden de facto
> appeal only if the plaintiff also alleges a

> legal error by the state court. *Maldonado v.*
> *Harris*, 370 F.3d 945, 950 (9th Cir. 2004);
> *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140
> (9th Cir. 2004) ("[A] plaintiff must seek not
> only to set aside a state court judgment; he
> or she must also allege a legal error by the
> state court as the basis for that relief").

*Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013)

(footnote omitted).

When a federal court is dealing with a de facto appeal

of a state-court decision, "it must also refuse to decide any

issue raised in the suit that is 'inextricably intertwined' with

an issue resolved by the state court in its judicial decision."

*Noel*, 341 F.3d at 1158. Claims are "inextricably intertwined"

when the relief requested "would effectively reverse the state

court decision or void its ruling." *Cooper*, 704 F.3d at 779

(quotation marks and citations omitted). The Sirunos ask this

court "[t]o vacate and set aside the foreclosure sale." ECF No.

1, PageID # 46. In relevant part, the Sirunos argue that the

"Foreclosing Defendants [had] no legal 'standing with its [sic]

foreclosure complaint as Defendants have failed to show their

proof of claim they are the legal owner of Plaintiffs' Note and

Mortgage bearing the original 'wet' signatures of both parties

involved . . . and/or that this was properly and completely

securitized . . . ." *Id.*, PageID # 22. In challenging the

propriety of the foreclosure proceedings, the Sirunos are

necessarily arguing that the state court erred in its foreclosure

10

order and judgment that (1) found that Deutsche Bank had been assigned the Sirunos' note and mortgage; (2) found that the Sirunos had defaulted on the terms of their note and mortgage, (3) concluded that Deutsche Bank was entitled to foreclose on the mortgage and sell the Property at a foreclosure sale, and (4) ordered that the Property be sold at public auction.

The state court entered judgment in favor of Deutsche Bank, which the Sirunos did not timely appeal, making the order and judgment final. *See Beneficial Haw., Inc. v. Casey*, 98 Haw. 159, 165, 45 P.3d 359, 365 (2002) (noting that "foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders"; and also stating, "A litigant who wishes to challenge a decree of foreclosure and order of sale may--and, indeed, must--do so within the thirty[-]day period following entry of the decree or will lose the right to appeal that portion of the foreclosure proceeding.").

This case is a federal appeal from the state-court foreclosure order and judgment and is barred by the *Rooker-Feldman* doctrine. The Sirunos are seeking relief from alleged legal errors by the state court that resulted in the final state-court judgment with respect to the foreclosure. *See Magbual v. Fed. Nat'l Mortg. Ass'n (Fannie Mae)*, 2016 WL 7478958, at *5 (D.

Haw. Dec. 29, 2016) (ruling that the *Rooker-Feldman* doctrine bars claims "seek[ing] to reverse the state Circuit Court's Judgment concerning the foreclosure as to their home"); *Sakuma v. Ass'n of Apartment Owners of the Tropics at Waikele*, 2016 WL 6433842, at *6 (D. Haw. Oct. 28, 2016) (same), *aff'd*, 707 F. App'x 906 (9th Cir. 2017). To the extent that the court grants Defendants judgment on the pleadings based on the *Rooker-Feldman* doctrine, the court denies leave to amend the Verified Complaint to reassert those claims.

This court next turns to identifying exactly which claims are so barred.

> **1. The *Rooker-Feldman* Doctrine Bars the Wrongful Foreclosure Claim Asserted in Count I to the Extent it Seeks Reversal of the State Court Foreclosure Order and Judgment, But Not With Respect to Claims Asserted Before Entry of the Judgment Regarding Confirmation of the Foreclosure Sale.**

Count I asserts a wrongful foreclosure claim, arguing that Deutsche Bank "wron[g]fully and without legal right, initiated and conducted a judicial foreclosure of Plaintiffs' property." ECF No. 1, PageID #s 28-29. The Sirunos additionally allege that they received no notice of the judicial sale of the Property until they received the motion for confirmation of sale. *Id.*, PageID # 29. They also say that Deutsche Bank sold the Property without the right to do so and without valid documents. *Id.*

12

To the extent the Sirunos argue that Deutsche Bank lacked the right to foreclose on the Property, as allowed by the state court, that claim is inextricably intertwined with issues resolved by the state court in its judicial decision, making the claim barred by the *Rooker-Feldman* doctrine. *See Noel*, 341 F.3d at 1158. Declaring the judicial foreclosure sale wrongful "would effectively reverse the state court decision or void its ruling." *Cooper*, 704 F.3d at 779 (quotation marks and citations omitted). In essence, such claims amount to assertions that the state court erred. Accordingly, the *Rooker-Feldman* doctrine bars them.

However, to the extent the Sirunos argue that they received no notice of the judicial foreclosure sale and that the lack of notice made the sale wrongful, the *Rooker-Feldman* doctrine does not apply, as the Sirunos initiated this action before judgment was entered with respect to the confirmation of the foreclosure sale. The court recognizes that the same argument was made to the state court, which necessarily rejected it in confirming the sale of the Property. *See* Sirunos' Memorandum in Opposition to Plaintiff's Motion for Confirmation of Foreclosure Sale, Allowance of Costs, Commissions and Fees, Distribution of Proceeds, Directing Conveyance and for Writ of Possession/Ejectments (Aug. 23, 2017), ECF No. 1-4, PageID # 73. But the Verified Complaint, filed on September 7, 2017, was filed before December 19, 2017, when the order confirming the sale of

the property was filed, with judgment entered the same day.  *See*
state court docket sheet, available at hoohiki.courts.hawaii.gov
(enter case ID 1CC141002325).  Any defect in the notice claim
therefore cannot be said to implicate the *Rooker-Feldman*
doctrine.  *See Exxon Mobil Corp.*, 544 U.S. at 284.

### 2. The *Rooker-Feldman* Doctrine Bars Part of the Fraud Claim Asserted in Count II.

To the extent the Sirunos assert fraud based on
Deutsche Bank's alleged use of "fabricated" documents in the
state-court foreclosure proceeding, the *Rooker-Feldman* doctrine
bars the claim.  The state court determined that Deutsche Bank
had submitted valid documentation demonstrating that it was
entitled to foreclose on the Sirunos' mortgage and sell the
property.  A claim that the documents were "fabricated" is a
claim that is "inextricably intertwined" with that determination.
If this court were to determine that the documents were
fabricated and therefore fraudulent, that determination "would
effectively reverse the state court decision or void its ruling."
*Cooper*, 704 F.3d at 779 (quotation marks and citations omitted).
Such a reversal is outside this court's authority.

### 3. The *Rooker-Feldman* Doctrine Bars the Mistake Claim Asserted in Count VII.

Count VII of the Verified Complaint asserts that negligent misrepresentations made before the Sirunos entered into the loan indicate that a mutual mistake was made with respect to the loan. But mutual mistake is a defense with respect to whether a valid contract exists. *See AIG Hawaii Ins. Co. v. Bateman*, 82 Haw. 453, 457, 923 P.2d 395, 399 (1996) ("'Where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party unless he [or she] bears the risk of the mistake . . . .'" (quoting Restatement (Second) of Contracts § 152 (1979))); *see also Local Motion, Inc. v. Niescher*, 105 F.3d 1278, 1280 (9th Cir. 1997) (defining mutual mistake as a defense to the formation of a contract).

Because the state court in its foreclosure order and judgment determined that a valid contract existed, the Sirunos' assertion of a mutual mistake effectively seeks the reversal of that state-court ruling and judgment. Accordingly, the *Rooker-Feldman* doctrine bars the mutual mistake claim in this action. *See Cooper*, 704 F.3d at 779.

**4.** **The *Rooker-Feldman* Doctrine Bars the "Bureau of Conveyance Regulations Violations" Claim Asserted in Count VIII.**

Count VIII of the Verified Complaint argues (1) that Deutsche Bank failed to establish the validity of the loan assignment, and/or (2) that the use of false or fraudulent loan assignment documents means that Deutsche Bank violated State of Hawaii Bureau of Conveyance requirements and so was not entitled to a judicial foreclosure on the mortgage. The *Rooker-Feldman* doctrine clearly bars this claim. Whether the loan assignment documents were false, fraudulent, or fabricated is a matter "inextricably intertwined" with the state court's determination that Deutsche Bank was entitled to foreclose on the mortgage. If this court declared the documents unenforceable, that determination "would effectively reverse the state-court decision or void its ruling." *Cooper*, 704 F.3d at 779 (quotation marks and citations omitted). Again, such a reversal by this court is barred.

**5.** **The *Rooker-Feldman* Doctrine Bars the Improper Securitization Claims Asserted in Counts IX and X.**

Count IX asserts that Defendants improperly securitized the Sirunos' note and mortgage, rendering those documents unenforceable. *See* ECF No. 1, PageID # 38 ("Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable"); PageID # 41 ("Such improper

16

restrictions resulting from securitization leaves the Promissory Note and Mortgage herein, unenforceable."). Count X similarly asserts that the securitization of the mortgage renders it null and void. *Id.*, PageID # 42 (asserting that Deutsche Bank had no legal interest in the Sirunos' mortgage). But the state court allowed the foreclosure sale of the Property, determining that Deutsche Bank had been assigned the mortgage and was the holder of the note at issue, that the Sirunos had defaulted on the loan obligations, and that Deutsche Bank was entitled to foreclose on the mortgage and have the Property sold by a court-appointed commissioner. Declaring the judicial foreclosure sale wrongful because the Sirunos' note and mortgage are unenforceable "would effectively reverse the state court decision or void its ruling." *Cooper*, 704 F.3d at 779 (quotation marks and citations omitted). Accordingly, the *Rooker-Feldman* doctrine bars this court from reviewing that state-court determination.

Additionally, the court notes that borrowers like the Sirunos generally lack standing to challenge the assignments of their loans. *See Deutsche Bank Trust Co. v. Beesley*, Civ. No. 12-00067 SOM-KSC, 2012 WL 5383555, at *4 (D. Haw. Oct. 30, 2012).

### 6. The *Rooker-Feldman* Doctrine Bars the Quiet Title Claim Asserted in Count XII.

Count XII seeks to quiet title to the Property, asserting that the Sirunos own the Property and are entitled to

possess it.  Count XII further asserts that Defendants' claims to the Property are without merit, as Defendants allegedly have no legal or equitable right to it.  *See* ECF No. 1, PageID #s 44-45. The *Rooker-Feldman* doctrine bars the Sirunos' quiet title claim, as it is essentially an appeal of the state-court determination that Deutsche Bank was entitled to foreclose on the mortgage and to sell the Property through a court-appointed commissioner. Declaring those matters wrongful "would effectively reverse the state court decision or void its ruling."  *Cooper*, 704 F.3d at 779 (quotation marks and citations omitted).

> **B.    Except With Respect to the Unjust Enrichment Claim Asserted in Count VI, Judgment on the Pleadings Is Granted In Favor of Defendants.**

Defendants next argue that res judicata and collateral estoppel limit relitigation of claims that were or could have been litigated in the state-court foreclosure proceedings.  Under the doctrines of res judicata and/or claim preclusion, a final ruling on the merits of an action or claim "precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).  The preclusive effect in this court of a Hawaii state-court decision is determined by Hawaii law.  *See Pedrina v. Chun*, 97 F.3d 1296, 1301 (9th Cir. 1996) ("In determining whether a prior state court action bars a subsequent federal action, the

federal court must look to the res judicata principles of the state court in which the judgment was rendered."); *In re Russell*, 76 F.3d 242, 244 (9ᵗʰ Cir. 1995) ("Because the underlying judgment was rendered in state court, we must apply California's res judicata and collateral estoppel principles.").

Under Hawaii law, the doctrine of res judicata applies when: (1) the claim asserted in the action in question was or could have been asserted in the prior action, (2) the parties in the present action are identical to, or in privity with, the parties in the prior action, and (3) a final judgment on the merits was rendered in the prior action. *Pedrina*, 97 F.3d at 1301 (citing *Santos v. State of Hawaii*, 64 Haw. 648, 646 P.2d 962, 966 (1982)); *see also Morneau v. Stark Enters., Ltd.*, 56 Haw. 420, 422-23, 539 P.2d 472, 474-75 (1975) ("[t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided").

The related doctrine of collateral estoppel bars relitigation of an issue when: (1) the issue decided in the prior adjudication is identical to the one presented in the action in

question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication.  *Dorrance v. Lee*, 90 Haw. 143, 149, 976 P.2d 904, 910 (1999).

Res judicata and collateral estoppel prevent a multiplicity of suits, avert inconsistent results, and provide a limit to litigation by promoting finality and judicial economy. *Id.* at 148-49, 976 P.2d at 909-10.  Both doctrines serve to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudications.  The doctrines permit every litigant to have an opportunity to try its case on the merits, but they limit the litigant to one such opportunity. *Kauhane v. Acutron Co.*, 71 Haw. 458, 463, 795 P.2d 276, 278-79 (1990).

There is no dispute that Deutsche Bank and the Sirunos were parties to the state-court foreclosure proceedings.

Under Hawaii law, a "judgment is final where the time to appeal has expired without appeal being taken."  *Glover, Ltd. v. Fong*, 42 Haw. 560, 574 (1958); *accord Chadwick v. SBMC Mortg.*, 2017 WL 3445645, at *3 (D. Haw. Aug. 10, 2017).  "It follows from *Glover* that where an appeal has been taken, a

judgment of the trial court is not final, at least for purposes of res judicata." *Littleton v. State*, 6 Haw. App. 70, 75, 708 P.2d 829, 833, *aff'd*, 68 Haw. 220, 708 P.2d 824 (1985). Instead, when an appeal is taken, judgment becomes final under Hawaii law when the appeal is decided. See *Kauhane*, 71 Haw. at 465, 795 P.2d at 279 ("Plaintiff, however, withdrew his appeal and thereby foreclosed review by this court. Once that appeal was withdrawn, the circuit court's judgment became final for res judicata purposes"). Because the Sirunos did not appeal the June 2016 foreclosure order and judgment, that is a final judgment for purposes of res judicata and collateral estoppel. On the other hand, because the Sirunos appealed the confirmation of sale order and judgment, and because that appeal has not been decided, that is not a final judgment for purposes of res judicata and collateral estoppel.

The court examines the issue and/or claim preclusion effect of the state court judgments in each of the sections below, as well as whether dismissal is appropriate for some other reason.

1. **Although Res Judicata Does Not Bar the Wrongful Foreclosure Claim Based on an Alleged Failure to Notify the Sirunos of the Sale, That Claim is Dismissed As Insufficiently Pled.**

Although this court ruled earlier that the *Rooker-Feldman* doctrine does not bar this court from addressing the Sirunos' wrongful foreclosure claim arising out of an alleged failure to provide notice of the foreclosure sale, as asserted in Count I of the Verified Complaint, judgment on the pleadings is nevertheless granted in favor of Defendants on that claim because the claim is insufficiently pled. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." (internal quotation marks omitted)); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation.").

In Paragraph 73 of the Verified Complaint, the Sirunos allege that they did not receive notification of the foreclosure auction. This notification should have occurred after the June 2016 foreclosure order and unappealed judgment, but before the December 2017 confirmation of sale order and judgment, which is

currently on appeal. Res judicata and/or collateral estoppel do
not preclude a claim based on the alleged failure to provide
notice of the foreclosure sale, because the pending appeal in the
Hawaii appellate courts of that matter prevents that order and
judgment from being final for purposes of issue or claim
preclusion.

Nevertheless, judgment on the pleadings is granted in
favor of Defendants with respect to such a claim, as the Sirunos
do not allege or explain how any Defendant had a duty to provide
them with such notice. At best, the record indicates that the
state court appointed Calvin T. Nakagawa as the court's
commissioner to sell the Property, requiring him to provide
notice of the sale through publication in the classified section
of a daily paper or through a Hawaii website.[2] *See* ECF No. 26-7,
PageID # 596-97.

The Sirunos also fail to allege how they were damaged
by the foreclosure sale of the Property without notice to them.
The Verified Complaint only alleges that the lack of notice
"deprived Plaintiffs from their rights to attend the auction and
object to the wrongful foreclosure." *Id.* The Verified Complaint

_____

[2]A foreclosure commissioner acts as an arm of the court and
is entitled to quasi-judicial immunity with respect to claims
arising out of his or her acts as the commissioner. *See Sakuma
v. Ass'n of Apartment Owners of the Tropics at Waikele*, 2016 WL
6433842, at *9, n.5 (D. Haw. Oct. 28, 2016), *aff'd*, 707 F. App'x
906 (9th Cir. 2017). The Sirunos assert no claim against the
commissioner.

23

does not allege that, had they attended the sale and objected to the sale, the Property would have been sold to them or for more, or that the Property would not have been sold at all.

Additionally, no facts or legal duty requiring such notice to the Sirunos by any named Defendant is identified in the Verified Complaint. The court notes that the Commissioner's Report indicates that he published notice of the planned foreclosure sale of the Property in the Honolulu Star Advertiser on June 4, 11, and 18, 2017. *See* ECF No. 1-9, PageID #s 127-28 and 131. Under these circumstances, no viable claim is asserted against any Defendant arising out of an alleged failure to provide the Sirunos with notice of the sale.

Because the court has determined that the wrongful foreclosure claim based on a lack of notice of the sale to the Sirunos is insufficiently pled, judgment on the pleadings is granted in favor of Defendants with respect to that claim. However, the Sirunos are granted leave to file an Amended Complaint that attempts to cure this pleading deficiency.

> **2. The Sirunos' Remaining Allegations of Fraud in Counts II and IV Are Barred by Res Judicata And/Or Collateral Estoppel and Are Not Alleged With Sufficient Particularity**.

Having earlier dismissed part of the fraud claim asserted in Count II because it was a de facto appeal of a state-court order and judgment and therefore barred by the *Rooker-Feldman* doctrine, the court turns now to the remaining fraud

24

claim in Count II and to the fraud claim asserted in Count IV. Judgment on the pleadings is granted in favor of Defendants on these remaining fraud claims.

To the extent the fraud claims are based on matters that were or could have been raised in the state-court foreclosure order and judgment, res judicata and collateral estoppel preclude such claims. The Sirunos allege that Deutsche Bank failed to properly credit them with payments and then foreclosed on the Property knowing that they had not defaulted as alleged. *See* ECF No. 1, PageID # 30. They say that Deutsche Bank also "concealed material facts known to them but not to Plaintiffs regarding payments, notices, assignments (fraud), transfers, late fees and charges." *Id.* These are claims that were or could have been raised in the foreclosure order and judgment, which the Sirunos did not appeal.

The court notes that Rule 9(b) of the Federal Rules of Civil Procedure requires a party to "state with particularity the circumstances constituting fraud or mistake." Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). A party alleging fraud must therefore "set forth more than the neutral

facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Fraud claims must allege the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). In other words, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quotation marks omitted).

The Sirunos' allegations of fraud set forth in Counts II and IV fail to satisfy the heightened pleading standard of Rule 9(b). The allegations amount to no more than general allegations of wrongdoing, unsupported by any factual allegations whatsoever. Judgment on the pleadings is therefore also granted in favor of Defendants on the remaining fraud claims because the fraud allegations fail to aver the "who, what, when, where, and how of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quotation marks omitted).

The Sirunos are granted leave to file an Amended Complaint that satisfies the heightened pleading standard with respect to any fraud claims not barred by the *Rooker-Feldman* and res judicata/collateral estoppel doctrines. That is, the Sirunos may amend their fraud claims by avering the "who, what, when, where, and how of the misconduct charged," provided those claims

were not and could not have been litigated at the same time as the foreclosure order and judgment of June 14, 2016.

### 3. Judgment on the Pleadings is Granted in Favor of Defendants With Respect to the UDAP Claim Asserted in Count III.

Count III asserts that Defendants committed unfair and deceptive acts or practices in the conduct of any trade or commerce in violation of section 480-2 of Hawaii Revised Statutes. Under that section,

> "unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Haw. Rev. Stat. § 480-2(a). Hawaii courts have held that a practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

*Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1052 (9th Cir. 2014) (footnote, quotation marks, alteration, and citation omitted).

The Sirunos allege a violation of section 480-2 based on:

> 1. Targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products.
>
> 2. Failing to adequately disclose the true costs and risks of the subject loan and its inappropriateness for Plaintiffs.
>
> 3. Making a refinance loan that resulted in little net economic benefit to Plaintiffs with the primary objective of general fees.

4. Making the loan based on the value of the collateral, without regard to Plaintiffs' ability to repay the loan.

5. Failing to provide Plaintiff[s] with a timely Good Faith Estimate and fully execute Truth In Lending Disclosure Statement.

6. Attempting to deprive Plaintiffs of their legal right to cancel the loan.

ECF No. 1, PageID # 32.

Most of these alleged acts relate to the period years ago when the Sirunos' original lender, New Century Mortgage Corporation, was considering making or held their loan. New Century Mortgage is not a party to this action. The assignees of the loans are not liable under section 480-2 of Hawaii Revised Statutes for any actions taken by the original lender during the loan process. *See Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 895-96 (D. Haw. 2011) ("Plaintiffs acknowledge that Defendant BofA was not the originating lender. . . . Defendant BofA, therefore, cannot be liable under Haw. Rev. Stat. § 480-2 for the unfair or deceptive acts and practices that may have occurred during the consummation of the loan." (citation omitted)).

Moreover, as Defendants argue, any such claim would be time-barred because it concerns actions taken before the 2006 loan. *See* Haw. Rev. Stat. § 480-24 ("Any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues . .

. .").  The Sirunos may not reallege these time-barred claims in any Amended Complaint.

To the extent the Sirunos are asserting a section 480-2 claim premised on a Truth in Lending Act ("TILA") disclosure violation, such a claim was or could have been litigated at the same time as the 2016 foreclosure order and judgment and is therefore barred by res judicata and collateral estoppel.  *See Radford v. U.S. Bank Nat. Ass'n*, 2011 WL 4054863, at *10 (D. Haw. Sept. 9, 2011) (holding that res judicata barred a UDAP claim premised on defects in the loan origination process).  Moreover, in addition to being time-barred, any such claim would be preempted.  *See Agustin v. PNC Fin. Servs. Grp.*, Inc., 707 F. Supp. 2d 1080, 1097 (D. Haw. 2010) ("this court has held that, to the extent a Hawaii UDAP claim against a bank rests explicitly on a specific TILA violation, it is preempted by the [National Bank Act]"); *Kauinui v. Citibank (S. Dakota), N.A.*, 2009 WL 3530373, at *6 (D. Haw. Oct. 28, 2009) ("the Court finds that to the extent Plaintiff's UDAP claim is based on TILA violations, Plaintiff's UDAP claim is preempted").  The Sirunos may not reallege a section 480-2 claim premised on a TILA violation in any Amended Complaint.

Even if the court were to construe the claim as an independent TILA claim, it would fail because, under 15 U.S.C. § 1641(a), an assignee of a loan is liable for a TILA disclosure

violation by the original lender "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." Here, there are no factual allegations concerning any involuntariness of the assignment, and there are no factual allegations indicating that an alleged TILA disclosure violation was apparent from the face of the disclosure statement.

The Sirunos' assertion that disclosures were untimely and not fully executed is not sufficient to satisfy the requisite factual pleading standard applicable to the present motion for judgment on the pleadings. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

The court declines to grant the Sirunos leave to assert a TILA claim against Deutsche Bank that satisfies the requirements of 15 U.S.C. § 1641(a), as any such amendment would be futile. *See Chadwick*, 2017 WL 3445645, at *5 (holding that res judicata barred a TILA claim that could have been asserted as counterclaim in a state-court foreclosure action); *Radford*, 2011 WL 4054863, at *10 (dismissing a TILA nondiclosure claim based on the res judicata doctrine because the claim could have been properly litigated in a state-court foreclosure action).

Similarly, the Sirunos' assertion of a section 480-2 violation premised on Deutsche Bank's alleged attempt to deprive them of their legal right to cancel the loan fails the requisite

factual pleading standard requirement, amounting to no more than a general allegation of harm. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Given the lack of factual detail with respect to this claim, the court cannot tell whether it was or could have been raised in the proceeding concerning the 2016 foreclosure order and judgment. The Sirunos are granted leave to amend such a claim provided it was not and could not have been litigated at the same time as the 2016 foreclosure order and judgment.

**4. Judgment on the Pleadings is Granted With Respect to the Sirunos' Breach of Good Faith Claim Asserted in Count V.**

Count V of the Verified Complaint asserts the claim of "Breach and Failure to Act in Good Faith." *See* ECF No. 1, PageID # 34. The Sirunos allege that Defendants:

> failed to make and provide statutory and mandatory disclosures to Plaintiffs as hereinabove described, refused to obtain their written approval of the loan and provide its specific terms and provisions, failed to provide loan relief and/or modification of loan terms so Plaintiffs could maintain their interests in the property, failed to respond to their requests for documentation and deliberately mislead Plaintiffs into believing that they were qualified to make monthly payments on the modified mortgage. The Defendants failed to disclose that there was a reasonable likelihood that the values of real property could fall due to overinflated values and improper loans and if they were unable to make the monthly payments on this loan that they may be unable to refinance their loan to obtain funds to pay for i[t] and if so, they could be in default and could lose their home to foreclosure.

ECF No. 1, PageID #s 34-35.

Defendants seek judgment on the pleadings with respect to Count V, arguing that the Verified Complaint fails to sufficiently allege a breach of contract.  *See* ECF No. 26-1, PageID # 549.  Rather than asserting a breach of contract, Count V appears to assert the tort of bad faith.  The court notes that Count V only states claims against Defendants for failing to provide loan relief or modification and for failing to respond to documentation requests.  All of the other acts on which Count V is based pertain to alleged actions by the original lender, which is not a party to this suit, not by any named Defendant.

The court grants judgment on the pleadings in favor of Defendants with respect to Count V, as the alleged failure to provide loan relief or modification and failure to respond to document requests are matters that could have been raised in the proceeding concerning the state court's 2016 foreclosure order and judgment and are therefore claims that are barred by res judicata.  *See Radford*, 2011 WL 4054863, at *10 (holding that res judicata barred a "failure to act in good faith" claim arising out of the loan modification process, as that claim could have been litigated in state-court foreclosure proceedings).  Because judgment on the pleadings is granted in favor of Defendants on res judicata grounds, the court declines to grant leave to amend the claim.  Any amendment would be futile.

**5. Judgment on the Pleadings is Granted in Favor of Defendants With Respect to the Sirunos' Breach of Contract Claim Asserted in Count XI.**

Count XI of the Verified Complaint asserts a breach of contract claim premised on Defendants' alleged failure to provide the Sirunos with executed agreements and documents in furtherance of the agreement, as well as proof of the entity to which the Sirunos should have been making payments. Although the Sirunos allege that they have a contract for the $384,000 loan, they do not allege any particular provision of the note or mortgage giving rise to such an obligation. Nor did this court itself find any such requirements in the loan documents.

The Sirunos' breach of contract claim is not viable as alleged. *See Kohala Agric. v. Deloitte & Touche*, 86 Haw. 301, 307, 949 P.2d 141, 147 (Ct. App. 1997) ("We note that in a breach of contract action, the plaintiff's complaint must cite, at a minimum, the contractual provision allegedly violated." (quotation marks and citation omitted)); *see also Patrakis v. Labs*, 2017 WL 4707020, at *2 (D. Haw. Oct. 19, 2017) ("Generally, a breach of contract claim must set forth (1) the contract at issue; (2) the parties to the contract; (3) whether plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by defendants; and (5) when and how defendants allegedly breached the contract.").

Judgment on the pleadings is therefore granted in favor of Defendants with respect to the breach of contract claim asserted in Count XI of the Verified Complaint. To the extent the Sirunos can identify a particular contractual provision that was violated, they are granted leave to file an amended claim so long as such a claim could not have been asserted in the proceeding concerning the 2016 foreclosure order and judgment.

### 6. Judgment on the Pleadings is Denied With Respect to the Sirunos' Unjust Enrichment Claim Asserted in Count VI.

Count VI of the Verified Complaint asserts an unjust enrichment claim, which the Hawaii Supreme Court has noted "is not clearly defined in either the Hawai`i Revised Statutes or our jurisprudence." *Durette v. Aloha Plastic Recycling, Inc.*, 105 Haw. 490, 502-03, 100 P.3d 60, 72 (2004). The Hawaii Supreme Court has explained:

> It is a truism that a person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, or in any way adds to the other's security or advantage. One who receives a benefit is of course enriched, and he would be unjustly enriched if its retention would be unjust. And it is axiomatic that a person who has been unjustly enriched at the expense of another is required to make restitution to the other. We realize unjust enrichment is a broad and imprecise term defying definition. But in deciding whether there should be restitution here, we are guided by the underlying conception of restitution, the prevention of injustice.

*Small v. Badenhop*, 67 Haw. 626, 635-36, 701 P.2d 647, 654 (1985)
(alterations, quotation marks, and citations omitted).

Citing *Porter v. Hu*, 116 Haw. 42, 55-56, 169 P.3d 994,
1007-08 (Ct. App. 2007), Defendants seek judgment on the
pleadings with respect to the unjust enrichment claim asserted in
Count VI of the Verified Complaint, arguing that an unjust
enrichment claim cannot be maintained when there is an express
contract. But *Porter* establishes only that courts will not
provide equitable remedies unless legal remedies are inadequate.
It recognized that an unjust enrichment claim could be brought if
the contract did not expressly cover the relief sought. *Id.*
Accordingly, when a contract does not provide for a remedy,
courts may look to the equitable doctrine of unjust enrichment.
*Id.*

*Soule v. Hilton Worldwide, Inc.,* 1 F. Supp. 3d 1084,
1102 (D. Haw. 2014), explained that the purpose of avoiding
resort to equitable remedies when there is a contractual
provision on point is to prevent the distortion of a negotiated
arrangement. Thus, "[w]here the parties to a contract have
bargained for a particular set of rights and obligations, all
claims involving those express rights and obligations properly
lie in contract law and not in equity." *Id.*

*Soule* examined a claim of unjust enrichment arising out
of a claim that a hotel chain had improperly imposed "resort

fees" on its guests. *Soule* held that, because the plaintiff had
an adequate legal remedy under Hawaii's Unfair and Deceptive
Trade Practices Act, Haw. Rev. Stat. § 480-2(a), for the alleged
improper imposition of "resort fees," an unjust enrichment claim
could not be maintained.

Defendants fail to meet their initial burden of
demonstrating that the Sirunos' unjust enrichment claim seeks a
remedy that is provided for in their loan documents or for which
there is an adequate legal remedy. The court notes that this may
be a failure arising out of a lack of understanding of the
Sirunos' unjust enrichment claim, which is devoid of much in the
way of factual allegations.

The Verified Complaint alleges that Defendant Deutsche
Bank, which was not the Sirunos' original lender, cannot unjustly
retain the benefit of "charging a higher interest rate, higher
fees, rebates, kickbacks, profits and gains from any resale of
mortgages and notes using Plaintiffs' identity, credit score,
appraisal and reputation without consent, right, justification or
excuse as part of an illegal enterprise sch[e]me." ECF No. 1,
PageID # 36. The Verified Complaint further alleges that
Deutsche Bank was "additionally unjustly enriched through the
receipt of payment from third parties including, but not limited
to, investors, insurers, other borrowers, the United States

Department of Treasury, United States Federal Reserve, and others." *Id.*

These claims do not appear to arise out of the loan documents such that they were or could have been litigated with the foreclosure matter. Defendants have not argued in the present motion that another legal remedy exists for such claims. *See Soule*, 1 F. Supp. 3d at 1102 (dismissing an unjust enrichment claim even though the Federal Rules of Civil Procedure allows pleading alternative claims, and reasoning that the availability of a legal remedy under section 480-2(a) precluded an unjust enrichment claim). Accordingly, the court leaves the unjust enrichment count asserted in Count VI for further adjudication.

**IV.      CONCLUSION.**

Judgment on the pleadings is granted in favor of Defendants on all but the unjust enrichment claim asserted in Count VI.

The court grants the Sirunos leave to file an Amended Complaint no later than May 30, 2018. If they choose to file such an Amended Complaint, they may reassert the remaining unjust enrichment claim, as well as any claim for which the court specifically granted them leave to file an amended claim in this order. Specifically, an Amended Complaint may include the following: the part of the wrongful foreclosure claim asserted in Count I based on a lack of notice of the foreclosure sale of the

Property; the part of the fraud claim asserted in Count II that is addressed in Part IV.B.2 of this order; the fraud claim asserted in Count IV; the part of the section 480-2 claim asserted in Count III premised on Defendants' alleged attempt to deprive them of a legal right to cancel the loan; and the breach of contract claim asserted in Count IX.

The Sirunos shall not reassert any time-barred claim or any claim barred by the *Rooker-Feldman* doctrine or barred by res judicata and/or collateral estoppel, as explained in this order.

Any Amended Complaint must be complete in itself; it may not incorporate by reference anything previously filed with this court.  In any Amended Complaint, the Sirunos should state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached.  That is, instead of just stating legal conclusions, the Sirunos should allege facts with respect to what each Defendant allegedly did and why it is liable for its specific actions.  Moreover, the Sirunos are reminded that, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A 48-page complaint that references few actual facts violates Rule 8.

IT IS SO ORDERED.

DATED: Honolulu, May 4, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Siruno, et al v. Deutsche Bank National Trust Company, et al.*, Civ. No. 17-00447 SOM/KJM; ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS AND SUBSTANTIVE JOINDER THEREIN