IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRELYN CESAR SANTELLA SIRUNO; ) and AGNES SONIDO SIRUNO, ) )         Plaintiffs, ) )     vs. ) ) DEUTSCHE BANK NATIONAL TRUST ) COMPANY; WELLS FARGO BANK, ) N.A.; ASC (AMERICA'S ) SERVICING COMPANY); ) SPECIALIZED LOAN SERVICING, ) and LLC, ) )         Defendants. ) _____ ) | CIVIL NO. 17-00447 SOM/KJM ORDER GRANTING MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO UNJUST ENRICHMENT CLAIM AND JOINDER THEREIN |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT WITH
RESPECT TO UNJUST ENRICHMENT CLAIM AND JOINDER THEREIN**

I.        INTRODUCTION.

This case involves a state-court foreclosure of
property arising out of a default by Plaintiffs Frelyn Cesar
Santella Siruno and Agnes Sonido Siruno on their home mortgage
loan obligations.  The state court entered a judgment as to the
default and as to the lenders' right to foreclose on the mortgage
securing the loan, to sell the mortgaged property at public
auction, and to use the proceeds to pay the debt.  Instead of
appealing to the state appellate court, the Sirunos filed this
federal action.  On May 4, 2018, this court granted judgment on
the pleadings in favor of Defendants with respect to all claims
except the unjust enrichment claim asserted in Count VI of the
Verified Complaint.  With respect to that remaining claim, the

court now grants summary judgment in favor of Defendants.  This court rules without a hearing pursuant to Local Rule 7.2(d), as the Sirunos have not opposed the motion for summary judgment and joinder therein and therefore fail to raise a genuine issue of fact with respect to whether Defendants were unjustly enriched.

## II.      BACKGROUND.

In February 2006, the Sirunos purchased real property located in Ewa Beach, Oahu, Hawaii (the "Property").  To purchase the Property, the Sirunos obtained a $384,000 loan from New Century Mortgage Corporation.  *See* ECF No. 36-3 (copy of Note).  The loan was secured by a mortgage recorded in the State of Hawaii Office of Assistant Register ("Land Court") on February 16, 2016, as Document No. 3392888 and noted on Certificate of Title 612,121.  *See* ECF No. 36-4 (copy of recorded mortgage).

On November 7 or 8, 2013, New Century Mortgage Corporation (by Wells Fargo Bank, N.A., its attorney-in-fact) assigned the mortgage to Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE4.  *See* ECF No. 36-5.  This assignment was not recorded in the Land Court until almost a year later, on October 9, 2014, when it was filed as Document No. T-9047242 and noted on Certificate of Title 612,121.  *Id.*

On November 7, 2014, Deutsche Bank filed a state-court action to foreclose on the Sirunos' mortgage.  *See* Civil. No. 14-

1-2325-11(BIA); state-court docket sheet, available at
hoohiki.courts.hawaii.gov (enter case ID 1CC141002325).[1]
Deutsche Bank then filed a motion for summary judgment, seeking
foreclosure of the mortgage and an interlocutory decree of
foreclosure.  On June 14, 2016, that motion was granted.  *See* ECF
No. 36-7 (Findings of Fact and Conclusions of Law; Order Granting
Plaintiff's Motion for Summary Judgment and for Interlocutory
Decree of Foreclosure).

In its order, the state court found that the Sirunos
had obtained a loan from New Century Mortgage and had signed a
note and a mortgage securing the note.  The state court further
found that the mortgage was assigned to Deutsche Bank and that
Deutsche Bank was the holder of the Sirunos' note.  *See* ECF No.
26-7, PageID #s 800-01.  The state court found that the Sirunos
had defaulted under the terms of the note and mortgage, that
Deutsche Bank had declared the entire balance due, and that the
Sirunos owed Deutsche Bank $453,212.53, plus interest of $44.48
per day from December 19, 2014.  *Id.*, PageID #s 801-02.  The

---

[1]The court may take judicial notice of matters of public
record, including documents filed with courts, "both within and
without the federal judicial system, if those proceedings have a
direct relation to the matters at issue."  *United States ex rel.
Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d
244, 248 (9th Cir. 1992).  The court may also take judicial
notice of records of government agencies.  *See Dent v. Holder*,
627 F.3d 365, 371-72 (9th Cir. 2010) (taking judicial notice of
agency records).  The court therefore takes judicial notice of
the docket in the state-court case.

state court further found that Deutsche Bank was entitled to foreclose on the mortgage, that Deutsche Bank was entitled to purchase the Property at the foreclosure sale, and that there was no just reason to delay the entry of final judgment in favor of Deutsche Bank pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure. *Id.*, PageID #s 802-03. The state court appointed Calvin T. Nakagawa as the court commissioner tasked with selling the Property. *Id.*, PageID # 805. Judgment in favor of Deutsche Bank was filed in the state court on June 14, 2016. *See* ECF No. 36-8. The Sirunos did not timely appeal this judgment. There is no dispute that this state-court judgment became final before the Sirunos filed the Verified Complaint in this case more than a year later, on September 7, 2017.

Several months after the Sirunos filed the Complaint in this matter, on December 19, 2017, the state court approved the commissioner's report and motion for confirmation of sale. A second judgment in the state-court case was entered the same day. *See* state court docket sheet, available at hoohiki.courts.hawaii.gov (enter case ID 1CC141002325). On January 12, 2018, the Sirunos filed a notice of appeal (ICA CAAP-18-0000030). *Id.* According to the docket with respect to that appeal, the appeal is still pending in the state appellate court.

On September 11, 2018, Defendants Deutsche Bank and Specialized Loan Servicing filed the present motion for summary judgment with respect to the sole remaining claim for unjust enrichment. *See* ECF No. 35. The Certificate of Service for the motion indicates that it was mailed to Plaintiffs at their address of record via First Class Mail on September 11, 2018. *See* ECF No. 35-2.

On September 14, 2018, Defendants Wells Fargo Bank and America's Servicing Company filed a substantive joinder with respect to the motion. *See* ECF No. 39. The Certificate of Service for the Joinder indicates that it was served via the court's electronic filing system, although it is not clear whether it was also sent to Plaintiffs' e-mail address. *Id.* Assuming that it was only sent through the court's electronic filing system and that the parties do not have an agreement with respect to serving documents via e-mail, this service of the joinder was ineffective, as the court's electronic filing system does not serve party-filed documents on pro se individuals who, like the Sirunos, are not registered electronic filing participants.

On September 14, 2018, this court mailed to Plaintiffs at their address of record via First Class Mail the Notice of Hearing, informing Plaintiffs that a hearing on the Motion and

Joinder was set before this judge on November 13, 2018, at 10:30 a.m.  *See* ECF No. 40.

The Sirunos failed to timely oppose the motion and/or joinder.  *See* Local Rule 7.4 (setting opposition deadline 21 days before the hearing).  Even if the joinder was not properly served, the Sirunos should have known about the Opposition deadline, as this court had mentioned the deadline in a previous minute order.  *See* ECF No. 30.

## III.     SUMMARY JUDGMENT STANDARD.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  The movants must support their position concerning whether a material fact is genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c).

One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. *See id.* at 323. A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp.*, 477 U.S. at 323). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party may not rely on the mere allegations in the pleadings and instead must set forth specific facts showing that there is a genuine issue for trial. *T.W.*

*Elec. Serv.*, 809 F.2d at 630. At least some "'significant probative evidence tending to support the complaint'" must be produced. *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 290 (1968)); *see also Addisu*, 198 F.3d at 1134 ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587). *Accord Addisu*, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

In adjudicating summary judgment motions, the court must view all evidence and inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. *Id.* When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must

8

assume the truth of the evidence set forth by the nonmoving party with respect to that fact." *Id.*

## IV.      ANALYSIS.

Count VI of the Verified Complaint asserts an unjust enrichment claim, which the Hawaii Supreme Court has noted "is not clearly defined in either the Hawai`i Revised Statutes or our jurisprudence." *Durette v. Aloha Plastic Recycling, Inc.*, 105 Haw. 490, 502-03, 100 P.3d 60, 72 (2004). The Hawaii Supreme Court has explained:

> It is a truism that a person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, or in any way adds to the other's security or advantage. One who receives a benefit is of course enriched, and he would be unjustly enriched if its retention would be unjust. And it is axiomatic that a person who has been unjustly enriched at the expense of another is required to make restitution to the other. We realize unjust enrichment is a broad and imprecise term defying definition. But in deciding whether there should be restitution here, we are guided by the underlying conception of restitution, the prevention of injustice.

*Small v. Badenhop*, 67 Haw. 626, 635-36, 701 P.2d 647, 654 (1985) (alterations, quotation marks, and citations omitted). In other words, "a claim for unjust enrichment requires only that a plaintiff prove that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust." *Durette*, 105 Haw. at 504, 100 P.3d at 74 (alterations,

quotation marks, and citation omitted); *Yoneji v. Yoneji*, 136 Haw. 11, 18, 354 P.3d 1160, 1167 (Ct. App. 2015) (same); *accord Barranco v. 3D Sys. Corp.*, 307 F. Supp. 3d 1075, 1100 (D. Haw. 2018) (same), as amended by 2018 WL 3833499 (D. Haw. Aug. 13, 2018); *Kyne v. Ritz-Carlton Hotel Co.*, 835 F. Supp. 2d 914, 933 (D. Haw. 2011) ("a plaintiff must show that he or she has conferred a benefit upon the defendant and second, that the retention of that benefit was unjust").

In relevant part, Defendants argue that the Sirunos cannot establish that they conferred a benefit upon any Defendant that would be unjust for that Defendant to retain. Because the Sirunos did not oppose the motion, they raise no material issue of fact with respect to unjust retention of a benefit that they conferred. Accordingly, the court grants the motion for summary judgment and joinder therein with respect to the unjust enrichment claim, ECF Nos. 35 and 39.[2]

## IV.    CONCLUSION.

Because the Sirunos fail to raise a genuine issue of fact with respect to whether they conferred a benefit on any Defendant that would be unjust for that Defendant to retain, the

---

[2]While it is not clear that the joinder was properly served on the Sirunos, the Sirunos had notice of the joinder and the basis of the motion applies equally to the joining parties. The Sirunos have simply failed to raise a genuine issue of fact with respect to any benefit that any Defendant would be unjustified in retaining.

court grants summary judgment in favor of Defendants with respect to the remaining unjust enrichment claim asserted in Count VI of the Verified Complaint.

Because no claim remains for adjudication, the Clerk of Court is directed to enter judgment in favor of Defendants and against the Sirunos based on this order and the court's order of May 4, 2018. The Clerk of Court is further directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, November 2, 2018



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Siruno, et al v. Deutsche Bank National Trust Company, et al.*, Civ. No. 17-00447 SOM/KJM; ORDER GRANTING MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO UNJUST ENRICHMENT CLAIM AND JOINDER THEREIN